

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William J. Lawson
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-4874
Re: Validity of certain pro-
visions of Public Law No.
712, an Act of the Congress
providing for a method of
voting in time of war by
members of the land and
naval forces of the United
States absent from the place
of their residence.

Your letter of September 24th requests the opinion
of this department on the following question:

Should the Secretary of State proceed to discharge
the duties imposed on him by Public Law No. 712, passed by
the Congress of the United States, approved by the President
of the United States on September 16, 1942?

Public No. 712 provides a method of voting in time
of war by members of the land and naval forces absent from
the place of their residence.

Sections 1 and 2 are as follows:

"Section 1. In time of war, notwithstanding
any provision of State law relating to the regis-
tration of qualified voters, every individual ab-
sent from the place of his residence and serving
in the land or naval forces of the United States,
including the members of the Army Nurse Corps,
the Navy Nurse Corps, the Women's Navy Reserve,
and the Women's Army Auxiliary Corps, who is or
was eligible to register for and is qualified to
vote at any election under the law of the State of
his residence, shall be entitled, as provided in

this Act, to vote for electors of President and Vice President of the United States, United States Senators, and Representatives in Congress.

"Section 2. No person in military service in time of war shall be required, as a condition of voting in any election for President, Vice President, electors for President or Vice President, or for Senator or Member of the House of Representatives, to pay any poll tax or other tax or make any other payment to any State or Political subdivision thereof."

Section 3 requires the Secretary of War and the Secretary of the Navy of the United States to prepare and furnish to members of the land and naval forces post cards, the form of which the section provides, for their use in requesting ballots from the Secretary of State of the state of their residence.

Section 4 directs the Secretary of State of each state to prepare and transmit to each local canvassing board a statement containing names and addresses of, and other information from post card requests for ballots received by him with respect to, the individuals making such requests subject to the jurisdiction of the particular canvassing board. This section requires the preparation and posting by the local canvassing board of a statement showing the names and local residence addresses of those within the jurisdiction of the board who have requested ballots, as shown by the statement prepared by the Secretary of State. A duplicate of such statement by the local canvassing board is to be mailed to the Secretary of State to be kept at his office open at all times to public inspection.

Section 5 requires the Secretary of State to have printed a sufficient number of war ballots to be sent to those in the armed services. The ballots shall provide for voting for electors for President and Vice President, and for United States Senators and Representatives. If the Legislature of the State authorizes it, they may also provide for voting for candidates for state and local offices, and upon other State matters. The section further prescribes the form of the ballot to be prepared by the Secretary of State.

Section 6 requires the Secretary of State to prepare and print a sufficient number of official envelopes, and envelopes for the use by the absentee voter in connection with such official war ballot for the return of such war ballot, prescribing the form of the envelope in both instances.

The section also requires the printing of instructions for the voters.

Section 7 requires the Secretary of State to transmit to every member of the land and naval forces of the United States who makes application in accordance with Section 3 of the Act, an official war ballot, envelope, voting instructions, booklet containing instructions and explanations as to casting a vote if one has been prepared, and an envelope to be used in returning the official war ballot and envelope.

Section 8 contains directions as to the manner in which the voter shall prepare his ballot for mailing to the Secretary of State; it also directs the Secretary of State, upon receipt of the war ballot, to promptly send it to the appropriate election official of the district, precinct, or county of the voter's residence.

Section 9 provides for the canvassing of the war ballots by the proper canvassing board in the same manner, as near as may be, as regular ballots cast at the election; directs that no war ballot shall be valid if received by the local election officials after the closing of the polls, or if the voter has voted in person or by absentee ballot by the procedure prescribed by the state.

Section 10 authorizes an appropriation by the Congress to defray expenses incurred in carrying out the provisions of the Act, and it directs the manner by which such appropriation shall be allocated to the states by the Secretary of the Treasury of the United States.

Section 11 authorizes the Secretary of State of each state to utilize the services of state and local officials and agencies in discharging his duties under the Act.

Section 12 allows the member of the land or naval forces of the United States to elect whether he will vote under Public 712 or in accordance with state laws.

Section 13 applies to the provisions of the Act to primary elections for candidates for electors for President and Vice President of the United States, and for United States Senators and Representatives.

Section 14 applies the provisions of State and Federal laws prohibiting offenses against the elective franchise to elections and voting under Public 712.

Section 15 provides that the Act is to be liberally construed to accomplish its purposes; and that mere informality in carrying out the provisions of the Act shall not invalidate elections held under it.

Article 6, Section 1, of the Texas Constitution provides that the following classes of persons shall not be allowed to vote in this state, towit:

"Fifth:  All soldiers, marines and seamen, employed in the service of the Army or Navy of the United States.  Provided that this restriction shall not apply to Officers of the National Guard of Texas, the National Guard Reserve, the Officers' Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the organized reserves of the United States, nor to retired officers of the United States Army, Navy and Marine Corps, and retired Warrant Officers and retired enlisted men of the United States Army, Navy, and Marine Corps."

Article 6, Section 2, of the State Constitution provides that any person subject to the payment of a poll tax must have paid that poll tax in the manner prescribed by such section in order to be a qualified elector.

Under Article 6, Section 1 of the Texas Constitution, generally speaking, soldiers, marines, and seamen employed in the service of the Army or Navy of the United States are disqualified from voting in all elections in this State.  Those, however, who fall within one of the classes named in the proviso to the said section of Section 1 of Article 6 of the Constitution, if otherwise qualified under Section 2 of Article 6, are under the Texas Constitution and laws entitled to vote in elections in this State though in the active military or naval service of the United States, under the decision of our State Supreme Court in the case of Carpenter v. Sheppard, 135 Texas 413, 145 S.W. (2d) 562.

It will be observed that Section 1 of Public 712 does not purport to authorize soldiers, marines and seamen in the service of the Army or Navy of the United States to vote in elections for electors for President and Vice President

of the United States, United States Senators, and Representatives
in Congress, if such soldiers, marines and seamen are disqualified
as such to vote in such elections by the provisions of our State
Constitution. This is made clear by observing that Section 1
of Public 712 applies only to every individual absent from the
place of his residence and serving in the land or naval forces
of the United States "who is or was eligible to register for and
is qualified to vote at any election under the law of the State
of his residence. . ."

Section 2 of Public 712, however, plainly attempts
to nullify that provision of our State Constitution requiring
the payment of a poll tax of those subject thereto in order
to qualify such persons as electors in this State, insofar
as such constitutional provision of the State of Texas applies
to persons in the military service of the United States in time
of war voting in any election for President, Vice President,
electors for President, Vice President, or for Senator or
member of the House of Representatives.

It will be observed that the duties imposed upon
you, as Secretary of State by Public 712 relate exclusively
to the furnishing of ballots to persons in the land and naval
forces of the United States away from the place of their
residence in time of war, who desire to vote in elections for
electors for President and Vice President of the United States
and for United States Senators and Representatives, and to
the receipt of such ballots from such persons and the trans-
mission of the ballots to the proper local election officials.
No duty rests upon you, either under Public 712 or under any
provisions of the State law, to determine whether the member
of the land or naval forces is a qualified voter at such election.
Whether the person is a qualified voter at such election is a
question to be determined under the provisions of the State law
and under the provisions of Public 712, in the first instance,
by the proper local election officials.

It therefore appears that you are not officially
concerned with the constitutionality of Section 2 of Public 712.
Your request presents for our consideration only the question
of the validity of such provisions of the Act as impose duties
upon you, and the effect of such provisions of Public 712
upon State laws in conflict therewith. There is not before
us for decision, and we do not at this time decide, whether

Section 2 of the Act, insofar as it may attempt to prescribe the qualifications of electors in this State for electors for President and Vice President and for United States Senators and Representatives, is a valid exercise of power conferred by the Constitution of the United States upon the Congress.

Since the matter is pressing, in order that we may answer you as quickly as possible we further restrict the scope of this opinion to the validity of this law as you may be required to apply it to the general elections of this year. The choice of electors for President and Vice President of the United States will not be made at such election, but at elections held two years hence; therefore we will discuss at this time the validity of the Act only as it commands you to act in respect to the coming elections for United States Senators and Representatives.

Article 1, Section 2, of the Constitution of the United States provides:

"Section 2. The House of Representatives shall be composed of Members chosen every second Year by the People of the several States, and the electors in each State shall have the Qualifications requisite for Electors of the most numerous Branch of the State Legislature.

** * *."

Article 17 of the Amendments to the Constitution of the United States provides:

"The Senate of the United States shall be composed of two Senators from each state, elected by the people thereof, for six years; and each Senator shall have one vote. The electors in each state shall have the qualifications requisite for electors of the most numerous branch of the state legislatures.

** * *."

Article 1, Section 4 of the Constitution of the United States provides:

"The Times, Places and Manner of holding Elections for Senators and Representatives,

shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators."

Article 1, Section 18 of the Constitution of the United States confers upon the Congress the power to make all laws which shall be necessary and proper for carrying into execution the powers conferred by the Constitution upon the Congress. And Article 6 of such Constitution provides that the Constitution of the United States and the laws of the United States made in pursuance thereof shall be the supreme law of the land, anything in the Constitution or laws of any state to the contrary notwithstanding.

It will be seen that Article 1, Section 4, specifically authorizes the Congress to make regulations regulating the "manner of holding" elections for United States Senators and Representatives. Public 712 in imposing duties upon you as Secretary of State simply provides the method by which a certain class of persons may be furnished ballots for voting in elections for United States Senators and Representatives, and the method by which such ballot shall be transmitted to election officials. These matters clearly relate to the "manner of holding" the elections. Insofar, therefore, as the Act imposes duties on you with respect to such matters, as to elections for United States Senators and Representatives, we are of the opinion that it is valid, that it is the supreme law of the land, and that it supersedes all state laws in conflict therewith.

You submit a related question, "what method should we use to put it (Public 712) into effect?". You are advised in answer to this question that the method by which you shall execute the duties imposed upon you by Public 712 is a matter upon which we are not competent to advise you, since it concerns merely the exercise of an administrative discretion. Generally, you are at liberty to adopt any method of procedure which does not conflict with the provisions of the Act.

You are further advised, however, that since the Legislature of the State of Texas has made no appropriation available to you for carrying out the provisions of Public 712, all expenses of administering the provisions of that law

Honorable William J. Lawson, Page 8

must be defrayed from the Federal appropriation which it is contemplated will be made available to you by the provisions of Section 10 of Public 712.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 7, 1942

By

R. W. Fairchild
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

RWF:nw